UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| **R.Y.M.R. and Eric Matute Castro,** | ) |
| **Plaintiffs,** | ) ) ) |
| v. | ) ) Case No. 1:20-CV-23598-KMW |
| **UNITED STATES OF AMERICA,** | ) ) |
| **Defendant** | ) ) ) |

**PLAINTIFFS' SUR-REPLY TO DEFENDANT'S REPLY IN
SUPPORT OF MOTION TO DISMISS**

Plaintiffs respectfully submit this Sur-Reply to address two new arguments not made in Defendant's Motion to Dismiss (ECF No. 12) ("the Motion").

***First***, in the Motion, the United States included a single sentence misstating the Eleventh Circuit's alleged FTCA holding in *Denson v. United States*, 574 F.3d 1318 (11th Cir. 2009). Yet, in its Reply in Support of Motion to Dismiss (ECF 15) (the "Reply"), Defendant faults Plaintiffs for an equally brief response. (Reply at 4.) As in Defendant's Motion, its Reply cites only to the section of the *Denson* opinion explaining and ruling on the *Bivens* claims therein.[1] Plaintiffs have not and do not dispute that, with respect to *Bivens* claims, in *Denson* as in other cases, allegations of a constitutional violation do not defeat a discretionary function exception unless the governing constitutional right is "clearly established."[2] Indeed, the two new cases Defendant cites for the

---

[1] Plaintiffs have not plead any *Bivens* claims in the instant action.

[2] "Qualified immunity shields *federal and state officials* from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was "clearly established" at the time of the challenged conduct. *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982)." *See Ashcroft v. al-Kidd*, 563 U.S. 731, 735, 131 S. Ct. 2074, 2080, 179 L. Ed. 2d 1149 (2011)(emphasis added).

1

proposition that the "clearly established" standard applies in FTCA cases are both undeniably *Bivens* cases; neither case includes a single FTCA claim.[3] The majority of Circuits have found the qualified immunity defense inapplicable to FTCA claims. *See Loumiet v. United States*, 828 F.3d 935, 943 (D.C. Cir. 2016). As the District of Columbia Circuit Court explained:

> the FTCA's discretionary-function exception does not provide a blanket immunity against tortious conduct that a plaintiff plausibly alleges also flouts a constitutional prescription. At least seven circuits, including the First, Second, Third, Fourth, Fifth, Eighth, and Ninth, have either held or stated in dictum that the discretionary-function exception does not shield government officials from FTCA liability when they exceed the scope of their constitutional authority.

*Id.* (collecting cases).

The United States accuses Plaintiffs of ignoring Eleventh Circuit precedent (Reply at fn.4), yet it is the Defendant that refuses to apply the Eleventh Circuit's new FTCA constitutional analysis set forth in *Denson*. As noted in Plaintiffs' Response in Opposition to Motion to Dismiss, the Eleventh Circuit's dismissal of the *Denson* FTCA claims therein was based on a newly formulated supremacy clause test regarding whether the law enforcement officers therein "did no more than what was necessary and proper … as demarcated by the Constitution …" *Id*. at 1345-47.

**Second**, Defendant in its Reply argues for the first time that "negligence cannot violate the Constitution," citing *Daniels v. Williams*, 474 U.S. 327, 333, 106 S. Ct. 662, 666, 88 L. Ed. 2d 662. (*See* Reply at 3.) Defendant never made this argument in its Motion, and *Daniels* does not say that. That decision stands for a more limited proposition, namely, that "no procedure for

---

[3] *See* Defendant's Reply in Support of Motion to Dismiss, ECF 15, at pp. 4-5, citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) and *Mullenix v. Luna*, 136 S. Ct. 305, 308 (2015).

compensation is *constitutionally* required" when a plaintiff alleges a due process violation caused by the government's negligence. *See Daniels v. Williams*, 474 U.S. at 333 (emphasis in original) (citations and quotations omitted). But the finding that relief for negligent actions by the government is not ***constitutionally*** required does not change the fact that the Federal Tort Claims Act **specifically authorizes for negligence claims** against the government. *See Morales v. Chadbourne*, 996 F. Supp. 2d 19, 36-37 (D.R.I. 2014) (denying government's motion to dismiss negligence claim brought under the FTCA, finding that such claims are specifically authorized by statute). Defendant does not cite any case suggesting that *Daniels* applies to a negligence-based claim bought under the FTCA's express provisions and, in fact, the cases cited in Plaintiffs' Response to the Motion to Dismiss (ECF No. 14) consistently deny the government's effort to seek dismissal of negligence claims brought under the FTCA. *See, e.g.*, *C.M. v. United States*, Case No. CV-19-05217-PHX-SRB, 2020 WL 1698191, at *4 (D. Ariz. Mar. 30, 2020) (rejecting argument plaintiffs were trying to "circumvent the discretionary function exception simply by labeling governmental conduct as unconstitutional" and denying dismissal of negligence claim); *APF v. United States*, Case No. CV-20-00065-PHX-SRB, ECF No. 36 at *7 (D. Ariz. July 27, 2020) (attached as Exhibit 2 to ECF No. 14) (denying motion to dismiss negligence claim brought under the FTCA). Defendant's argument that its negligence is somehow insulated from the FTCA's express provisions should be rejected.

    WHEREFORE, FOR THE REASONS SET FORTH HEREIN, Plaintiffs respectfully request that the Court deny Defendant's Motion to Dismiss and grant such other and further relief as may be deemed just and proper.

Respectfully submitted: January 4, 2021

/s/ *Jennifer Coberly*
Jennifer Coberly, Fla. Bar No. 930466
Lisa Lehner, Fla. Bar 382191
AMERICANS FOR IMMIGRANT JUSTICE
6355 NW 36 Street, Suite 2201
Miami, FL 33166
Phone: (305) 573-1106 Ext. 1995
Fax: (305) 576-6273
jcoberly@aijustice.org
llehner@aijustice.org

/s/ *Ian Ross*
Ian M. Ross, Fla. Bar No. 091214
Michael Nadler, Fla. Bar No. 051264
Erica L. Perdomo, Fla. Bar No. 105466
STUMPHAUZER FOSLID SLOMAN ROSS
   & KOLAYA, PLLC
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
(305) 614-1400
iross@sfslaw.com
mnadler@sfslaw.com
eperdomo@sfslaw.com

/s/ *Robert Parks*
Robert Parks, Fla. Bar No. 61436
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Tel: (305) 445-4430
Fax: (305) 445-4431
BParks@rlplegal.com

*Counsel for Plaintiffs*

Respectfully submitted: January 4, 2021

/s/ *Jennifer Coberly*
Jennifer Coberly, Fla. Bar No. 930466
Lisa Lehner, Fla. Bar 382191
AMERICANS FOR IMMIGRANT JUSTICE
6355 NW 36 Street, Suite 2201
Miami, FL 33166
Phone: (305) 573-1106 Ext. 1995
Fax: (305) 576-6273
jcoberly@aijustice.org
llehner@aijustice.org

/s/ *Ian Ross*
Ian M. Ross, Fla. Bar No. 091214
Michael Nadler, Fla. Bar No. 051264
Erica L. Perdomo, Fla. Bar No. 105466
STUMPHAUZER FOSLID SLOMAN ROSS
   & KOLAYA, PLLC
Two South Biscayne Blvd., Suite 1600
Miami, FL 33131
(305) 614-1400
iross@sfslaw.com
mnadler@sfslaw.com
eperdomo@sfslaw.com

/s/ *Robert Parks*
Robert Parks, Fla. Bar No. 61436
799 Brickell Plaza, Suite 900
Miami, Florida 33131
Tel: (305) 445-4430
Fax: (305) 445-4431
BParks@rlplegal.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 4th day of January, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on Plaintiff's counsel via transmission of Notices of Electronic Filing generated by CM/ECF.

/s/ Ian M. Ross
IAN M. ROSS

## **SERVICE LIST**
*R.Y.M.R. and Eric Matute Castro v. United States*
Case No. 1:20-CV-23598-KMW
**United States District Court, Southern District of Florida**

Phil MacWilliams
United States Department of Justice
Civil Division, Torts Branch
Post Office Box 888
Washington, DC  20044
Tel:  202-614-4285
Fax: 202-616-5200
phil.macwilliams@usdoj.gov

*Attorney for United States of America*