Lee Gelernt*
Daniel Galindo*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
125 Broad St., 18th Floor
New York, NY 10004
Tel.: (212) 549-2660
Fax: (212) 549-2654
*lgelernt@aclu.org*
*dgalindo@aclu.org*

Lisa Lehner (Fla. Bar 382191)
AMERICANS FOR IMMIGRANT JUSTICE
6355 NW 36 Street, Suite 2201
Miami, FL 33166
Tel.: (305) 573-1106 Ext. 1995
Fax: (305) 576-6273
*llehner@aijustice.org*

Ian M. Ross (Fla. Bar No. 091214)
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Tel.: (305) 391-5100
Fax: (305) 391-5101
*iross@sidley.com*

*Attorneys for Plaintiffs*
(Additional counsel listed on signature page)
*Admitted Pro Hac Vice

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| ERIC MATUTE CASTRO, on his own behalf and as the representative of his minor son, R.Y.M.R.,<br><br>    Plaintiffs,<br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 1:20-cv-23598-KMW-EGT<br><br>**JOINT MOTION FOR SCHEDULING CONFERENCE** |

**JOINT MOTION FOR SCHEDULING CONFERENCE**

The parties in this case respectfully request a status conference concerning the case management schedule. As explained below, the parties are not able to complete the deposition of Ms. Gladys Martinez by the Court's May 12th deadline. The parties agree that an extension of the deadline to depose Ms. Martinez is necessary, but disagree about the length of that deadline and whether the remaining case management deadlines should also be extended.

The parties have met and conferred and are available for a conference with the Court on Wednesday, May 10, 2023, from 9 AM EST to 12 PM EST, and after 2 PM EST; or Thursday,

1

May 11, 2023, from 9 AM EST to 12 PM EST.  The parties' positions on the schedule are set forth below.

**PLAINTIFFS' POSITION**

As set forth below, Plaintiffs' view is that the deadline to take Ms. Martinez's deposition should be extended to May 30, 2023.  Plaintiffs do not believe any other case management deadlines need to be extended at this time.

By way of background:  Consistent with this Court's order reopening discovery, Plaintiffs noticed and subpoenaed Ms. Martinez's deposition for Tuesday, May 2, 2023.  Dkt. 110.  On Monday, May 1, 2023, Judge Bernard Skomal in the Southern District of California granted Plaintiffs' motion to compel and directed the parties to meet and confer concerning appropriate accommodations.  Order, *Castro v. United States*, 3:23-cv-00629-RBM-BGS (S.D. Cal. May 1, 2023), Dkt. 14.

On May 1st, Plaintiffs and AUSA John Leinicke met and conferred and Plaintiffs offered multiple accommodations to facilitate Ms. Martinez's deposition.  Mr. Leinicke reported that he had been in touch with Ms. Martinez during the weekend before the noticed deposition date, and that she had indicated to him that she did not intend to appear at her deposition.  However, Mr. Leinicke stated that after Judge Skomal issued his order, Ms. Martinez stopped responding to his messages.  Mr. Leinicke reported that he conveyed Judge Skomal's order to her, as well as Plaintiffs' offered accommodations, but that she did not respond.

On May 2nd, counsel for the parties appeared for the deposition.  Plaintiffs' attorneys traveled to San Diego, California to take the deposition, and AUSA Zakarij Laux traveled from Florida to participate in person.  Mr. Leinicke, as well as agency counsel for the U.S. Immigration & Customs Enforcement, appeared remotely.  Ms. Martinez did not appear, and the court reporter issued a certificate of non-appearance.

Later that day, after the parties sought guidance from Judge Skomal's chambers on how to proceed, Plaintiffs filed a motion requesting an order directing Ms. Martinez to sit for her deposition on Wednesday, May 3, 2023, at noon PST, and also ordering Ms. Martinez to show cause why she should not be held in contempt. Mr. Leinicke continued to report that Ms. Martinez was still nonresponsive to outreach attempts, both by him and by agency counsel for ICE.

On the evening of Wednesday, May 3rd, Ms. Martinez unexpectedly contacted one of Plaintiffs' counsel via telephone and indicated that she would be able to sit for the deposition as long as certain accommodations were granted. Ms. Martinez stated that she had told government counsel that she would be contacting us. One of Ms. Martinez's most important accommodations is the presence of a medical assistant during the deposition. She stated that this medical assistant is only available on certain days, and therefore proposed that the deposition take place on May 19th and 26th based on the medical assistant's availability.

Plaintiffs informed Mr. Leinicke of Ms. Martinez's phone call and the parties met and conferred on Thursday, May 4, 2023. Mr. Leinicke stated that he was personally not able to participate on May 19th and 26th due to personal commitments, and asked Plaintiffs to find out if Ms. Martinez was available on June 2, 2023. In response to Plaintiffs' inquiry, Ms. Martinez stated that June 2nd would not work for her because her medical assistant was not available then. Plaintiffs informed Mr. Leinicke and proposed that the parties go forward on May 19th and 26th. Reserving both days may be necessary because Ms. Martinez's health concerns may require the deposition to take place over multiple days.

Mr. Leinicke declined to accept this proposal, and instead proposed that the deadline to take Ms. Martinez's deposition be extended all the way until the end of July, with commensurate extensions for all the other case management deadlines, including the deadlines for summary judgment motions, pretrial filings, and the trial date.

Plaintiffs' position remains that Ms. Martinez's deposition should go forward on May 19th and 26th, and that an extension of the entire case management schedule is not necessary. Plaintiffs and Ms. Martinez are prepared to go forward on those dates. Due to the limitations on Ms. Martinez's availability, it makes sense to go forward on the dates that work best for her. If Mr. Leinicke is personally unable to attend the deposition, one of the many other attorneys in his office should be able to attend in his stead.

**GOVERNMENT'S POSITION**

Plaintiffs seek to depose Gladys Martinez (San Diego ICE ERO, ret) in person in San Diego, CA on Friday, May 19th. If her deposition is not completed in one day, Plaintiffs propose continuing the deposition a week later on Friday, May 26th. This schedule is unworkable for three reasons. *First*, the proffered dates are outside the timeframe set by this Court. Plaintiffs were required to "complete the deposition of Ms. Martinez on or before May 12th." [ECF No. 109] *Second*, the proximity of the proposed deposition dates will interfere with the June 16th deadline for dispositive motions and motions *in limine*. Due to her health, Ms. Martinez requires accommodations such as beginning the deposition at noon, frequent breaks, and the attendance of her medical assistant (who is available only on Fridays). Plaintiffs have agreed to these accommodations. Given the scope of accommodations, the likely breadth of Ms. Martinez's testimony, the fact that Plaintiffs' depositions of other fact witnesses have lasted well over eight hours, and the right of the government to cross-examine the witness, even under optimal circumstances the deposition is unlikely to conclude by May 26th. *Third*, due to pre-existing family obligations, including a pre-planned out-of-town vacation on Memorial Day weekend, defense counsel is unavailable to attend the deposition in person. Counsel is unable to make personal arrangements to accommodate a minimum of six days of cross-country travel on such a truncated basis.

The Government does not object to rescheduling Ms. Martinez's deposition, so long as that schedule establishes a reasonable framework to accomplish this objective. Given the above factors, if the Court is inclined to permit the Plaintiffs additional time to depose Ms. Martinez, a reasonable compromise would be to extend the deadline to depose Ms. Martinez through July 28, 2023 and re-set the remaining case deadlines on the following schedule. This would (1) permit both sides—and Ms. Martinez—to schedule the deposition with sufficient accommodations to ensure her attendance, (2) not unfairly disadvantage one side or the other in preparing for trial, and (3) not risk further interruption to this Court's trial schedule due to entirely foreseeable issues, such as a deposition that stretches over multiple days.

- 07/28/23 – Deadline to complete the deposition of Ms. Martinez
- 08/18/23 – dispositive motions; *Daubert* motions; motions *in limine*
- 09/14/23 – joint pretrial stipulations; witness + exhibit list; statements of fact + conclusions of law; depo designations
- 11/07/23 – Calendar Call
- 11/14/23 – Trial

Dated: May 8, 2023

    /s/ Ian M. Ross
Ian M. Ross (Fla. Bar No. 091214)
SIDLEY AUSTIN LLP
1001 Brickell Bay Drive, Suite 900
Miami, FL 33131
Tel.: (305) 391-5100
Fax: (305) 391-5101
iross@sidley.com

Lee Gelernt*
Daniel A. Galindo*
AMERICAN CIVIL LIBERTIES UNION
FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
125 Broad St., 18th Floor
New York, NY 10004

Tel.:  (212) 549-2660
Fax:  (212) 549-2654
*lgelernt@aclu.org*
*dgalindo@aclu.org*

Stephen B. Kang*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
IMMIGRANTS' RIGHTS PROJECT
39 Drumm Street
San Francisco, CA 94111
Tel.:  (415) 343-1198
Fax:  (415) 395-0950
*skang@aclu.org*

Katherine Holloway Blankenship (Fla. Bar No. 1031234)
ACLU FOUNDATION OF FLORIDA
4343 West Flagler Street Suite 400
Coral Gables, Florida 33134
Tel.:  (615) 796-9027
kblankenship@aclufl.org

Lisa Lehner (Fla. Bar 382191)
AMERICANS FOR IMMIGRANT JUSTICE
6355 NW 36 Street, Suite 2201
Miami, FL 33166
Tel.:  (305) 573-1106 Ext. 1995
Fax:  (305) 576-6273
*llehner@aijustice.org*

Robert Parks (Fla. Bar No. 61436)
300 Sevilla Avenue, Suite 206
Coral Gables, FL 33134
Tel:  (305) 445-4430
Fax:  (305) 445-4431
*bob@garaylawfirm.com*

Alexander A. Reinert*
55 Fifth Avenue, Room 1005
New York, NY 10003
Tel:  (646) 592-6543
*areinert@yu.edu*

Geoffrey R. Chepiga*
Hallie S. Goldblatt*
Jacqueline P. Rubin*
Steven C. Herzog*
Jing Yan*
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019
Tel:  (212) 373-3000
*gchepiga@paulweiss.com*

6

*hgoldblatt@paulweiss.com*
*jrubin@paulweiss.com*
*sherzog@paulweiss.com*
*jyan@paulweiss.com*

Andrew J. Topal*
Paul, Weiss, Rifkind, Wharton & Garrison LLP
2001 K Street, NW
Washington, DC 20006-1047
Tel: (202) 223-7300
*Atopal@paulweiss.com*

\**Admitted Pro Hac Vice*

7

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

| | |
|---|---|
| ERIC MATUTE CASTRO, on his own behalf and as the representative of his minor son, R.Y.M.R.,<br><br>　　　　Plaintiffs,<br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant. | Case No. 1:20-cv-23598-KMW-EGT |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion was served via the U.S. District Court for the Southern District of Florida's electronic filing system on May 8, 2023, on counsel for Defendant United States of America. Service via the Court's electronic filing system is permitted under Federal Rule of Civil Procedure 5(b)(2)(E) and S.D. Fla. Local Rule 5.1(e).

Dated: May 8, 2023

　　　　　　　　　　　　　　　　　　　　　　/s/ Ian M. Ross
　　　　　　　　　　　　　　　　　　　　　Ian M. Ross (Fla. Bar No. 091214)
　　　　　　　　　　　　　　　　　　　　　SIDLEY AUSTIN LLP
　　　　　　　　　　　　　　　　　　　　　1001 Brickell Bay Drive, Suite 900
　　　　　　　　　　　　　　　　　　　　　Miami, FL 33131
　　　　　　　　　　　　　　　　　　　　　Tel.:  (305) 391-5100
　　　　　　　　　　　　　　　　　　　　　Fax:  (305) 391-5101
　　　　　　　　　　　　　　　　　　　　　*iross@sidley.com*